Louis S. Abronson
Email: louis@redhouselawyer.com
Abronson Law Offices
236 N. Santa Cruz Ave., Ste. 227
Los Gatos, CA 95030
California State Bar # 203737
Fax: (408) 395-1955
Main Phone: (408) 687-9155

Attorney for Plaintiffs
Roy McAlister and McAlister Technologies, LLC

## UNITED STATES DISTRICT COURT

### FOR CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Roy McAlister and McAlister Technologies, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>Loeb & Loeb and Does 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 2:18-cv-00210<br><br>COMPLAINT FOR PROFESSIONAL NEGLIGENCE (BREACH OF DUTY OF LOYALTY TO A FORMER CLIENT), SLANDER OF TITLE TO INTELLECTUAL PROPERTY, AND TRESPASS TO CHATTELS;<br><br>DEMAND FOR JURY TRIAL |

   COME NOW the Plaintiffs, by and through their undersigned counsel, and demand a trial by jury of the action within, and complain and allege as follows:

### JURISDICTION

  1.  The United States District Court has diversity jurisdiction over this matter under 28. U.S.C. §1332, because the action involves a civil dispute between citizens of different states, or citizens of one state and citizens or subjects of a foreign state not domiciled in the first state, and the amount in controversy exceeds $75,000.00.

COMPLAINT FOR PROFESSIONAL NEGLIGENCE, ETC.

2.      The United States District Court further has patent claim jurisdiction over this matter under 28 U.S.C. §§1331 and 1338, because Plaintiffs' claims require determination of the proper ownership, scope, and/or validity of certain domestic and foreign patents.

**PARTIES**

3.      Plaintiff Roy McAlister (hereinafter "McAlister") is a natural person who resides and is domiciled in Phoenix, Arizona.

4.      Plaintiff McAlister Technologies, LLC (hereinafter "MT") is an Arizona Limited Liability Company, with its principal place of business in Phoenix, Arizona.

5.      Defendant Loeb & Loeb ("Loeb") is a law firm organized as a limited liability partnership with offices in Los Angeles, CA; Chicago, IL; New York, NY; Washington, DC; Nashville, TN; Beijing; and Hong Kong. Loeb does not maintain an office in Arizona. Each partner of Loeb is a citizen of California; Illinois; New York; Washington, D.C.; or Tennessee; or a citizen or subject of a foreign state and not domiciled in Arizona.

6.      The Doe parties are unnamed and unknown parties that may be liable for the damages suffered by Plaintiffs.  Plaintiffs will amend the Complaint to include the names of these individuals or entities and their capacities after their names and capacities are discovered.  Plaintiffs are informed and believe, and on that basis allege, that each of the fictitiously named Doe defendants is responsible in some manner for the occurrences herein alleged and that Plaintiffs' damages as alleged herein were directly and proximately caused by their conduct.

7.      Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned in this Complaint, defendants, including Does, were the agents, employees, partners, or joint venturers of their co-defendants, and in doing the things alleged in this Complaint were acting within the course and scope of that

COMPLAINT FOR PROFESSIONAL NEGLIGENCE, ETC.

1  agency, employment, partnership or joint venture and for the furtherance thereof.

2

3                                   **VENUE**

4      8.     The Central District of California is a proper venue for this action

5  pursuant to 28 USC §1391, as Defendant Loeb maintains a place of business

6  within the district and is subject to personal jurisdiction therein. Further, with

7  regard to the tolling agreement applicable to this matter, the parties agreed that that

8  agreement should be interpreted in accordance with California law.

9

10      **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11     9.     Prior to 2008 McAlister was already an established inventor in the

12  renewable energy field. His inventions were almost invariably assigned to MT.

13     10.    In or around 2009, McAlister, in conjunction with Richard Otto and

14  Kenneth Losch, founded Advanced Green Technologies (AGT) for the purpose of

15  bringing to market certain of McAlister's inventions. Advanced Green Innovations

16  (AGI) was created shortly thereafter by Otto, Losch, and McAlister to focus on the

17  licensing aspects of those inventions.

18     11.    Loeb was initially retained by AGT and AGI as intellectual property

19  counsel in the 2012-2014 time frame.  During this time frame Loeb also filed

20  patent applications on behalf of McAlister directly and filed papers assigning

21  patent rights from McAlister to MT.

22     12.    On November 19, 2014, McAlister signed a power of attorney on behalf

23  of MT, in favor of Loeb, appointing Loeb as MT's attorney-in-fact for intellectual

24  property matters.

25     13.    Between November 19, 2014, and June 2, 2015, Loeb, Does 1-10, and

26  their employees, agents, partners, and joint-venturers performed a wide variety of

27  actions on behalf of McAlister and MT, including but not limited to (a) filing

28  patent applications on behalf of McAlister, (b) maintaining ongoing patent

COMPLAINT FOR PROFESSIONAL NEGLIGENCE, ETC.

1    applications for McAlister and MT, (c) assigning issued patents from McAlister to

2    MT, and (d) generally advising McAlister and MT regarding intellectual property

3    matters.

4        14.    Throughout the November 19, 2014, to June 2, 2015, time frame, there

5    was an ongoing understanding by Loeb, Does 1-10, and their employees, agents,

6    partners, and joint-venturers that all of McAlister's intellectual properties (IP),

7    including inventions, trade secrets, and patent rights, were to be assigned to MT

8    and that AGT/AGI would be licensees along with others of those inventions, trade

9    secrets, and patent rights.

10       15.    Throughout the November 19, 2014, to June 2, 2015, time frame,

11   McAlister held the belief that Loeb was acting as attorney not only for AGT/AGI

12   but also for MT and for McAlister individually. During the course of that

13   representation by Loeb, Loeb sought to formalize the relationship with MT and

14   McAlister in a contract separate from the power of attorney, but no such separate

15   contract was ever signed.

16       16.    On January 12, 2015, Adam Kelly (a Loeb partner) confirmed by letter

17   Loeb's representation of MT.

18       17.    On June 2, 2015, Adam Kelly wrote to McAlister advising that Loeb

19   would not be representing MT due to conflict of interest with AGT/AGI, advising

20   that MT should seek alternate counsel, and offering to provide said alternate

21   counsel with a list of "prosecution files and upcoming due dates."

22       18.    McAlister promptly revoked the power of attorney from MT to Loeb.

23       19.    Plaintiffs are informed and believe and thereon allege that subsequent

24   to Loeb's withdrawal as counsel for MT and the revocation of MT's power of

25   attorney to Loeb, Loeb, Does 1-10, and their employees, agents, partners, and

26   joint-venturers caused to be filed with the United States Patent and Trademark

27   Office, and with the patent offices of numerous foreign jurisdictions, notices of the

28   assignment of various patents and patent applications from McAlister or MT to

COMPLAINT FOR PROFESSIONAL NEGLIGENCE, ETC.

1    AGI or AGT, from AGI to AGT, or from AGT to AGI (hereafter "the notices of
2    assignment" of "the subject patents and applications").

3        20.      The subject patents and applications were the property of McAlister or
4    MT and have never been assigned by McAlister or MT to AGI or AGT.

5        21.      Plaintiffs are informed and believe and thereon allege that at the times
6    they caused to be filed the notices of assignment, Loeb, Does 1-10, and their
7    employees, agents, partners, and joint-venturers either:

8          a.   Knew that the subject patents and applications had not been assigned
9            to AGI or AGT, or

10          b.   Acted with reckless disregard as to whether the subject patents and
11            applications had actually been assigned to AGI or AGT.

12        22.      Plaintiffs are informed and believe and thereon allege that at the times
13    they caused to be filed the notices of assignment, Loeb, Does 1-10, and their
14    employees, agents, partners, and joint-venturers knew or should have recognized
15    that others would act in reliance on those notices of assignment in ways that could
16    cause Plaintiffs financial loss.

17        23.      The notices of assignment created a significant cloud on title to the
18    subject patents and applications both within the United States and in each foreign
19    jurisdiction in which they were filed.

20        24.      The cloud on title to the subject patents and applications caused
21    immediate and direct financial harm to McAlister and MT by creating significant
22    impediments to:

23          a.   Monetizing the patents via various business opportunities and pre-
24            existing business relationships;

25          b.   Raising money to maintain the subject patents;

26          c.   Raising money to pursue the subject applications;

27          d.   Raising the money necessary to remove the cloud on title.

28        25.      On September 13, 2015, McAlister and MT demanded that Loeb cease

COMPLAINT FOR PROFESSIONAL NEGLIGENCE, ETC.

and desist from any further notices of assignment regarding the subject patents and applications, that Loeb reverse the previously filed notices of assignment regarding the subject patents and applications, and that (until those things were accomplished) Loeb maintain any expiring patents and applications to which it had clouded title.

26.     No remediation was ever undertaken by Loeb, Does 1-10, or their employees, agents, partners, and joint-venturers to correct the harms set forth in paragraph 24. Further harm took place as follows:

    a.  Some number of the subject patents and applications expired due to inability to fund those patents and applications caused by the cloud on title;

    b.  Some number of business opportunities were permanently lost due to the cloud on title.

    c.  McAlister has suffered significant emotional distress and anxiety over a period of years as he has attempted, unsuccessfully, to clear the cloud on title to his intellectual property with inadequate financial resources.

27.     A tolling agreement was entered between MT, McAlister, and Loeb on July 12, 2017, extending the statute of limitations for all claims then existing, that related to the matters pled, through January 12, 2018.

## FIRST CAUSE OF ACTION FOR PROFESSIONAL NEGLIGENCE
## (BREACH OF DUTY OF LOYALTY TO A FORMER CLIENT)
### (All Defendants)

28.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-27.

29.     Loeb and Does 1-10 had a duty of loyalty to MT and McAlister as former clients.

COMPLAINT FOR PROFESSIONAL NEGLIGENCE, ETC.

30.     The conduct set forth in paragraphs 19-26 of this complaint constitutes a breach of that duty of loyalty to a former client, with attendant harm caused thereby.

## SECOND CAUSE OF ACTION FOR SLANDER OF TITLE
### (All Defendants)

31.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-27.

32.     The conduct set forth in paragraphs 19-26 of this complaint constitutes slander of title by Loeb and Does 1-10 to Plaintiffs' intellectual property, with attendant harm caused thereby.

33.     The conduct set forth in paragraphs 19-26 is sufficiently oppressive, willful and egregious to support an award of exemplary damages.

## THIRD CAUSE OF ACTION FOR TRESPASS TO CHATTELS
### (All Defendants)

34.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-27.

35.     The conduct set forth in paragraphs 19-26 of this complaint constitutes trespass to chattels by Loeb and Does 1-10 with regard to Plaintiffs' intellectual property, with attendant harm caused thereby.

36.     The conduct set forth in paragraphs 19-26 is sufficiently oppressive, willful and egregious to support an award of exemplary damages.

## WHEREFORE PLAINTIFFS PRAY FOR RELIEF AS FOLLOWS:

    a. On all causes of action, for special damages in an amount in excess of $75,000 to be proved at trial including:

        i.  Amounts to compensate Plaintiffs for the cost of remediating

COMPLAINT FOR PROFESSIONAL NEGLIGENCE, ETC.

the cloud on title of the subject patents and applications;

      ii.  Amounts to compensate Plaintiffs for the value of business opportunities lost or diminished due to the cloud on title of the subject patents and applications; and

     iii.  Amounts to compensate Plaintiffs for the value of patents and applications lost because money could not be raised to maintain them due to the cloud on title of the subject patents and applications.

b.  On the second and third causes of action:

      i.  For general damages compensating McAlister for emotional distress and anxiety in an amount in excess of $75,000 to be proved at trial and

      ii.  For exemplary damages in an amount to be proved at trial.

c.  For prejudgment interest;

d.  For costs of suit; and

e.  For such other and further relief as the Court shall deem just and proper.

DATED this ninth day of January, 2018.

/S/ Louis S. Abronson
Louis S. Abronson
Attorney for Plaintiffs

8

COMPLAINT FOR PROFESSIONAL NEGLIGENCE, ETC.